UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| BRANDON SCOTT BAIRD | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:13-0213 |
| | ] | Judge Campbell |
| ROBERTSON COUNTY SHERIFF'S | ] | |
| OFFICE, et al. | ] | |
| Defendants. | ] | |


**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Robertson County Detention Facility in Springfield, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Robertson County Sheriff's Office; Bill Holt, Sheriff of Robertson County; Southern Health Partners, the health care provider for inmates at the Robertson County Detention Facility; and Dr. Matthews, a physician employed by Southern Health Partners; seeking damages.

The plaintiff is challenging conditions of his confinement at the Robertson County Detention Facility. More specifically, he complains about inadequate medical care, the failure to follow grievance and classification procedures, and price gouging by Southern Health Partners and the commissary. In addition, the plaintiff claims that he is forced to take showers where he can be

1

seen by female guards.

This action is being brought against the defendants in their official capacities only. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Robertson County, the municipal entity that operates the Detention Facility. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Robertson County or its agent, the Robertson County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Robertson County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Robertson County. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

2

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Todd Campbell
United States District Judge